**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:25-cv-62202**

HUNTER MACKEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VITAL PROTEINS, LLC,

Defendant.
______________________________________/

**CLASS ACTION**

**JURY TRIAL REQUESTED**

## DEFENDANT VITAL PROTEIN, LLC'S NOTICE OF REMOVAL

Defendant Vital Proteins, LLC ("Defendant" or "Vital Proteins"), by and through undersigned counsel and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby removes this action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida because this is a putative class action with (1) minimal diversity; (2) an amount in controversy of more than $5,000,000; and (3) more than 100 putative class members. In support of this Notice of Removal, Vital Proteins states as follows:

## BACKGROUND

1. On September 20, 2025, Plaintiff Hunter Mackey ("Plaintiff") filed a putative class action in the Circuit Court of the Seventh Judicial Circuit in and for Broward County, Florida, styled *Hunter Mackey v. Vital Proteins, LLC*, Case No. CACE-25-014355 ("State Court Action").

2. On September 28, 2025, Vital Proteins was served with a copy of Plaintiff's Class Action Complaint and Jury Demand (the "Complaint").

3. The Complaint filed in the State Court Action alleges that Vital Proteins sent a text message to Plaintiff's cellphone in violation of the "Caller ID Rules" of the Florida Telephone Solicitations Act ("FTSA"), Fla. Stat. § 501.059(10)(c), because the text messages were sent using an SMS short code which could not be called back. (Compl. ¶¶ 16–20.)

4. Plaintiff purports to assert claims on behalf of a putative class of plaintiffs. (*Id.* at ¶¶ 24–25.)

5. This Notice of Removal is based on the allegations in the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiff's claims, or the entitlement to any form of relief. Vital Proteins expressly denies that Plaintiff is entitled to any relief.

## LEGAL STANDARD

6. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.*

7. "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Id.* (citation, quotation marks, and brackets omitted). Accordingly, "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

## GROUNDS FOR REMOVAL

8. Vital Proteins is entitled to removal of the State Court Action because jurisdiction exists under CAFA as: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

9. Congress enacted CAFA to "facilitate adjudication of certain class actions in federal court." *Owens*, 574 U.S. at 89. CAFA's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (internal quotes omitted).

**B. This is a "Class Action" With More Than 100 Putative Class Members.**

10. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11. Plaintiff bases his putative class on the class procedures outlined by the Florida Rules of Civil Procedure, which are substantially similar to the Federal Rules of Civil Procedure. (Compl. ¶¶ 24–33.)

12. The putative class Plaintiff seeks to represent includes more that 100 members, as acknowledged by Plaintiff. (Compl. ¶ 26). Plaintiff seeks to represent a state-wide class of individuals that "reside in Florida whose caller identification service was transmitted to a telephone number that was not capable of receiving telephone calls when Vital Proteins Text Message Sales Calls were made to them since July 1, 2021." (Compl. ¶ 25.)

**C. There is Minimal Diversity of Citizenship.**

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a resident of Florida domiciled in Broward County, Florida. (Compl. ¶ 14). "There is a presumption 'the state in which a person resides at any given time is also that person's domicile.'" *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1359 n.2 (S.D. Fla. 2015) (internal citations omitted). Therefore, Plaintiff is a citizen of Florida for diversity jurisdiction purposes.

15. Vital Proteins is a limited liability company. Under CAFA, a limited liability company is an "unincorporated association." *Alvarez v. Loancare LLC*, No. 1:20-cv-21837, 2021 WL 184547, at * 7 (S.D. Fla. Jan. 19, 2021) (citing *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703–04 (4th Cir. 2010)). "[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Vital Proteins is organized under the laws of the state of Delaware and has its principal place of business in Illinois.

16. Because Plaintiff is a Florida citizen and Vital Proteins is a citizen of Delaware and Illinois, minimal diversity of citizenship exists under 28 U.S.C. § 1332(d).

**D. The Alleged Amount in Controversy Exceeds $5,000,000.**

17. Under CAFA, the amount in controversy requirement is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332 (d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. This requirement is a low threshold. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 5774 U.S. at 89.

19. Vital Proteins denies that the allegations in Plaintiff's Complaint and the legal theory upon which it is based have any merit whatsoever. Vital Proteins further denies that Plaintiff and the putative class are entitled to any monetary or non-monetary relief. Solely for removal purposes and without conceding that Plaintiff and/or the putative class are entitled to damages, however, the aggregated claims alleged on behalf of the putative class satisfies that the amount in controversy exceeds the jurisdiction minimum of $5,000,000.

20. Under the FTSA, class members may recover $500 for each violating text received. Fla. Stat. § 501.059(10)(a).

21. As indicated, Plaintiff effectively claims, based on inaccurate factual allegations and a meritless legal theory, that all text messages sent by Vital Proteins that used an SMS short code which could not be called back over a four-year period violated the FTSA. While Vital Proteins disagrees with Plaintiff's factual allegations, accepting Plaintiff's factual allegations as true would implicate several thousand text messages.

22. Therefore, taking into account the potential statutory damages at issue for each allegedly violative text, the amount in controversy will exceed the $5,000,000 threshold.

## REMOVAL IS PROCEDURALLY PROPER

23. 28 U.S.C. § 1446 sets forth procedural requirements for removal, all of which are met here.

24. **Removal is timely.** A notice of removal may be filed within 30 days of the defendant receiving a copy of the initial pleading, motion, or other paper from which it may be determined that the case is removable. 28 U.S.C. § 1446(b). This case was filed on September 20, 2025. (See Ex. A.) Plaintiff served Vital Proteins with the Complaint of September 30, 2025. (See Ex. A.) Thus, this Notice of Removal is timely filed.

25. **Removal to proper court.** The United States District Court for the Southern District of Florida is part of the "district and division within which" the State Court Action was filed: Broward County, Florida. 28 U.S.C. § 1446(a).

26. **Pleadings and process.** Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" Vital Proteins are attached hereto this Notice of Removal as **Exhibit A**. Vital Proteins has not answered or otherwise filed a response to the Complaint.

27. **Notice to State Court.** A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and is being served on counsel of record, consistent with 28 U.S. C. § 1446(a), (d).

28. By removing this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Vital Proteins does not waive any defenses available to it, including but not limited to: lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of process, insufficiency of service of process, failure to join necessary parties, lack of standing, and failure to state a claim.

29. By removing this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Vital Proteins does not admit any of the allegations in plaintiff's complaint.

30. Defendant further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**WHEREFORE,** Vital Proteins removes this action to this Court for further proceedings according to law.

**WHEREFORE**, Defendant Vital Proteins, LLC (“Defendant” or “Vital Proteins”) hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Dated: October 30, 2025

Respectfully submitted,
By: */s/ Matthew C. Luzadder*

Matthew C. Luzadder
Florida State Bar No: 11286
**KELLEY DRYE & WARREN LLP**
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
Tel.: (312) 857-7070
Fax: (312) 857-7095
Email: mluzadder@kelleydrye.com

*Counsel for Defendant Vital Proteins, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this notice was served using the Florida Court E-Filing Portal's e-service function on October 30, 2025 upon: Joshua A. Glickman and Shawn A. Heller, counsel for Plaintiff, at Social Justice Law Collective, PL, 974 Howard Ave., Dunedin, FL 34698, josh@sjlawcollective.com and shawn@sjlawcollective.com.

By: /s/ Matthew C. Luzadder
Matthew C. Luzadder